UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

Case No: 0:25-cv-61425

CARLOS ALEXANDER FIELDS,

    Plaintiff,

vs.

MODLIN SLINKSKY, P.A.
and AMERICAN EXPRESS,
N.A., et. al.,

    Defendants.

_____/

**PLAINTIFF'S COMPLAINT WITH JURY DEMAND**

1. Plaintiff, Carlos Alexander Fields (hereinafter "Plaintiff") by and through the undersigned counsel brings this action against Defendant Modlin Slinsky, P.A., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act § 559.72 *et seq.*.

2. Plaintiff also files this action against Defendant American Express, N.A. for violations of the Florida Consumer Collection Practices Act § 559.72 *et seq.* (hereinafter the "FCCPA").

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

4. Supplemental jurisdiction exists for Plaintiff's FCCPA claims against

Defendant Modlin Slinsky, P.A. and Defendant American Express N.A. pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant Modlin Slinsky, P.A. because Defendant Modlin Slinsky, P.A. is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant Modlin Slinsky, P.A. occurred within Broward County, Florida.

6. This Court has personal jurisdiction over Defendant American Express, N.A. because Defendant American Express, N.A. is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant American Express, N.A. occurred within Broward County, Florida.

7. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred Broward County, Florida.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, is and was a resident of Broward County, Florida.

9. Defendant Modlin Slinsky, P.A., (hereinafter "Defendant Modlin") is a law firm which files complaints on behalf of Defendant American Express, N.A. to collect debts in the state of Florida, with its principal place of business located in Sunrise, Florida.

10. Defendant American Express, N.A. (hereinafter "Defendant Amex") is chartered by the Office of the Comptroller of the Currency as a National Bank that engages in business in the State of Florida, with its principal place of business located in New York, New York.

11. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a

debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

12. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

13. At all times material hereto, Defendant Modlin regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. This action arises from Defendant Modlin's attempt to collect on a court judgment (Miami-Dade County Case No. 2024-015758-CC-23) on behalf of Defendant Amex through a Continuing Writ of Garnishment Against Salary or Wages ("Continuing Writ of Garnishment") served on Humana, Inc., that is the legal responsibility of an individual named Carlos Gallego.

15. After obtaining a default against Carlos Gallego and LATIN DESIGNERS CORP. on June 11, 2024, Defendant Modlin moved for multiple writs of garnishment against Carlos Gallego. Defendant Modlin suggested Bank of America, N.A., Wells Fargo Bank, N.A., and JPMorgan Chase Bank, N.A. as potential garnishees of Carlos Gallego.

16. Bank of America, N.A., Wells Fargo Bank, N.A., and JPMorgan Chase Bank, N.A. filed Answers to the writs of garnishment served on them. In each of the Answers, Bank of America, N.A., Wells Fargo Bank, N.A., and JPMorgan Chase Bank, N.A., stated that they were not garnishees of Carlos Gallego.

17. On January 27, 2025, Defendant Modlin filed a Motion for a Continuing Writ of Garnishment After Judgment alleging Humana, Inc. as a garnishee of Carlos Gallego and that Defendants Modlin and Amex (collectively, the "Defendants") believed that there was an employee/employer relationship between Humana, Inc. and Carlos Gallego.

18. Garnishee, Humana, Inc., was served a Writ of Garnishment Against Salary or

Wages ("Writ of Garnishment") on March 6, 2025 by Defendant Modlin.

19. The documents served on Garnishee included an attachment from Defendant Modlin that provided a social security number and the last known address for Carlos Gallego.

20. On March 28, 2025, Humana MarketPOINT, Inc., a subsidiary company of Humana, Inc., filed an Answer to the Continuing Writ of Garnishment stating that Carlos Gallego was employed by Humana MarketPOINT, Inc.

21. Humana MarketPOINT, Inc. additionally stated that, since being served with the Continuing Writ of Garnishment, it has delivered only the portion of "Carlos Gallego's" earnings authorized according to the Court's instruction accompanying the Continuing Writ of Garnishment.

22. After the initial garnishment was set aside from his wages, Plaintiff contacted Humana MarketPOINT, Inc. and stated he is not Carlos Gallego and, thus, not the proper defendant and his wages were improperly garnished.

23. Humana MarketPOINT, Inc. later confirmed that the address provided by Defendant Modlin did not match Plaintiff's address.

24. Plaintiff is not Carlos Gallego and is not the debtor who owes the debt to Defendant Amex.

25. Plaintiff should not have had his wages garnished in connection with the debt owed by Carlos Gallego.

26. On or about March 12, 2025, and again on April 3, 2025, Plaintiff contacted Defendant Modlin and spoke with attorney Jordan Sullivan in a good faith attempt to resolve the improper garnishment.

27. Mr. Sullivan acknowledged that 'something seems off' and stated he 'had never

seen something like this before,' yet refused to contact his client to verify the social security number or confirm the identity of the debtor.

28. This response, along with the refusal to verify Plaintiff's identity, demonstrates a lack of due diligence, a failure to act in good faith, and a disregard for Plaintiff's rights under the FDCPA and FCCPA by Defendants Modlin.

29. On April 15, 2025, Humana, Inc. filed an Amended Answer to the Continuing Writ of Garnishment and informed the Court, Defendant Modlin, and Defendant Amex that Humana, Inc. searched its system with the social security number provided in the documents served with the Continuing Writ of Garnishment and found that it matched an employee of Humana MarketPOINT, Inc. named Carlos **Fields**. (Emphasis added).

30. Humana, Inc. also stated that it filed its Answer on March 24, 2025, under the assumption that Carlos Gallego and Carlos Fields were the same person because of the social security number match.

31. However, Humana, Inc. stated that after the first garnishment was set aside from the wages of Plaintiff, Plaintiff contacted Humana, Inc. to inform it that he was not Carlos Gallego and that his wages were improperly garnished.

32. In its Amended Answer, Humana, Inc. informed the Court and the Defendants that it was unsure if Humana MarketPOINT, Inc. actually employs Carlos Gallego and if it can and/or should continue to set aside garnishment payments from Plaintiff's wages.

33. Despite being informed by Plaintiff twice that he was not Carlos Gallego, Defendant Modlin has not conducted a reasonable investigation into the accuracy of the information it provided to Humana, Inc., the Garnishee, and stop the garnishment of Plaintiff's wages.

34. Despite being informed by Humana, Inc. in an amended pleading that Humana, Inc. was unsure if it actually employs Carlos Gallego and whether it should withhold Plaintiff's wages, Defendant Modlin has not conducted a reasonable investigation into the accuracy of the information it provided to Humana, Inc., the Garnishee, or attempted to stop the garnishment of Plaintiff's wages.

35. Despite being informed by Humana, Inc. in an amended pleading that Humana, Inc. was unsure if it actually employs Carlos Gallego and whether it should withhold Plaintiff's wages, Defendant Amex has failed to reasonably investigate and provide both Defendant Modlin and Humana, Inc. accurate information about Carlos Gallego to stop the garnishment of Plaintiff's wages.

36. To date, the Defendants have failed to properly locate a garnishee of Carlos Gallego and stop the garnishment of Plaintiff's wages.

37. As a result of Defendants' actions, Plaintiff suffered both actual damages – including of loss of income—a result of wrongful garnishment, emotional distress, including anxiety, loss of sleep, and humiliation, and legal fees.

### COUNT I – VIOLATIONS OF 15 U.S.C. §1692e(2)(A) AGAINST MODLIN SLINSKY, P.A.

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

39. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendant Modlin violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt in each communication it sent to Humana, Inc. to garnish Plaintiff's paychecks.

41. Specifically, Defendant Modlin misrepresented that Plaintiff was Carlos Gallego and, thus, responsible for the debt owed by Carlos Gallego. Defendant Modlin sought to garnish Plaintiff's wages for the final court judgment against Carlos Gallego, an amount that Plaintiff is not liable for.

42. Defendant Modlin, through its agents, representatives, and/or employees acting within the scope of their authority, has violated the FDCPA by collecting a debt from Plaintiff through the Continuing Writ of Garnishment that he does not owe. Because Plaintiff is not Carlos Gallego, Defendant Modlin has falsely represented that Plaintiff owed the debt.

43. The FDCPA is a strict liability statute and accordingly Defendant Modlin's conduct need not have been intentional. Defendant's conduct violated the FDCPA because Plaintiff does not owe the debt and has never owed the debt that Defendant Modlin is collecting through the Continuing Writ of Garnishment.

44. Defendant Modlin, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(2)(a).

45. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

46. As a result of Defendant Modlin's violation, Plaintiff suffered both actual damages – including of loss of income—a result of wrongful garnishment, emotional distress, including anxiety, loss of sleep, and humiliation, legal fees, and time spent addressing Defendant's illegal collection practices.

47. WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

    a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorneys' fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II - VIOLATIONS OF §1692e(10) AGAINST MODLIN SLINSKY, P.A

48. Plaintiff incorporates paragraphs 1-37 as is fully set forth herein.

49. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant Modlin has violated the FDCPA in that it has employed the use of "any false representation or deceptive means" in an attempt to collect a debt. 15 U.S. C. §1692e (10).

51. Plaintiff is not legally obligated to pay the debt at issue because the debt was never accrued by Plaintiff.

52. Specifically, Defendant Modlin sought to collect money composed of interest not authorized by statute or contract and, by claiming such sums are due, has made a false representation and used deceptive means to attempt to collect a debt.

53. Defendant Modlin's conduct is a violation of the FDCPA if it would be deceptive to the least sophisticated consumer.

54. Defendant Modlin, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(10).

55. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with

any provision of the FDCPA with respect to any person is liable to such person for up to $1,000.00 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

56. As a result of Defendant Modlin's violations, Plaintiff suffered both actual damages – including of loss of income—a result of wrongful garnishment, emotional distress, including anxiety, loss of sleep, and humiliation, legal fees, and time spent addressing Defendant Modlin's illegal collection practices.

57. WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

   a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k.
   b. Attorneys' fees, litigation expenses and costs of the instant suit; and
   c. Such other or further relief as the Court deems proper

## COUNT III - VIOLATIONS OF §559.72(9) AGAINST MODLIN SLINSKY, P.A

58. Plaintiff incorporates by reference paragraphs 1-22 as is fully set forth herein.

59. At all times relevant to this action, Defendant Modlin is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

60. Defendant Modlin violated Florida Statute § 559.72(5) by attempting to collect the debt through enforcement of the Continuing Writ of Garnishment when Defendant Modlin knew that the debt is not legitimate and asserted the existence of some other legal right when Defendant Modlin knows that the right does not exist against Plaintiff.

61. Once contacted by Plaintiff on March 12, 2025, and again on April 3, 2025, Defendant Modlin knew that Plaintiff was not Carlos Gallego and that Defendant Modlin

was collecting from the wrong person.

62. Defendant Modlin failed to stop the wrongful garnishment of Plaintiff's wages.

63. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. § 559.77(2).

64. As a result of Defendant Modlin's violations, Plaintiff suffered both actual damages – including of loss of income—a result of wrongful garnishment, emotional distress, including anxiety, loss of sleep, and humiliation, legal fees, and time spent addressing Defendant Modlin's illegal collection practices.

65. WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against Defendant Modlin for:

   a. Actual, Statutory, and punitive damages pursuant to Fla. Stat. § 559.77.

   b. attorneys' fees, litigation expenses and costs of the instant suit; and

   c. such other or further relief as the Court deems proper.

## COUNT IV – VIOLATIONS OF FLA. STAT. §559.72(9) AGAINST AMERICAN EXPRESS

66. Plaintiff incorporates by reference paragraphs 37 as is fully set forth herein.

67. At all times relevant to this action, Defendant Amex is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

68. The FCCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

69. Defendant Amex violated Statute § 559.72(9) when it incorrectly gave Plaintiff's social security number to Defendant Modlin to enforce judgment owed by a debtor, Carlos Gallego.

70. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non- compliance, and the extent to which the noncompliance was intentional." Fla. Stat. § 559.77(2).

71. As a result of Defendant Amex's violations, Plaintiff suffered both actual damages – including of loss of income—a result of wrongful garnishment, emotional distress, including anxiety, loss of sleep, and humiliation, legal fees, and time spent addressing Defendant Amex's illegal collection practices.

72. WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant Amex for:

   a. Actual, Statutory, and punitive damages pursuant to Fla. Stat. § 559.77.

   b. attorneys' fees, litigation expenses and costs of the instant suit; and

   c. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

__/s/ Jennifer Simil__
Jennifer Simil, Esq.
Florida Bar No. 1018195
Email: jennifer@fight13.com
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436
***Attorney for Plaintiff***

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esq.
FL Bar No.: 175821
E-mail: matthew@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436
***Attorney for Plaintiff***


*/s/ Jessica Krassner*
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436
***Attorney for Plaintiff***